JACOBUS, B.W., Associate Judge.
Sandee Hornett, raises several issues in her appeal from the final judgment of dissolution of marriage, only one of which we find to have merit. The record reflects that the $4000 ear loan was inadvertently assigned as a liability to each party, contrary to the trial court’s clear intent that the former wife be made liable for this expense. Because correction of this error affects the trial court’s overall scheme of equitable distribution, we reverse and remand tó permit the trial court to reconsider the matter of equitable distribution in its entirety. The ultimate distribution should be substantially equal or, if unequal, supported by a legally sufficient factual basis. Adams v. Adams, 677 So.2d 6 (Fla. 5th DCA 1996). Accordingly, we affirm the judgment insofar as it *676 dissolves the parties’ marriage, but remand for proceedings consistent herewith.
AFFIRMED in part; REVERSED in part; and REMANDED.
COBB and PETERSON, JJ., concur.